UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KALON S. GARRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-01595-SPM |
| | ) |
| FRANK LETA ACURA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Kalon Garrison's civil complaint and Application to Proceed in District Court Without Prepaying Fees or Costs. For the reasons explained below, the Court will deny Plaintiff's Application and dismiss this case pursuant to 28 U.S.C. § 1915(e)(2).

**Legal Standard on Initial Review**

Federal law requires this Court to dismiss a complaint filed *in forma pauperis* if, among other reasons, it is malicious or fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2). An action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits or contains disrespectful or abusive language, *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988), or it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987).  A Court may determine that an action is malicious by referring to objective factors such as the circumstances and history surrounding the filing, whether probative facts vital to the life of the lawsuit have been alleged, and the tone of the allegations. *Id.* at 463. *See also Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996)

(when determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to plaintiff's prior litigious conduct.).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Id*. at 678.

District courts must liberally construe a layperson's complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even laypersons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (stating federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). Also, district courts are not required to interpret procedural rules in ordinary civil litigation so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background and Facts[1]**

This case is one of 6 cases that Plaintiff has filed in this Court *pro se* and *in forma pauperis* since November of 2023. *See Garrison v. All Star Dodge Chrysler Jeep Ram*, No. 4:23-cv-01520-RHH (E.D. Mo. Nov. 28, 2023); *Garrison v. JP Morgan Chase*, No. 4:23-cv-01521-PLC (E.D. Mo. Nov. 28, 2023); *Garrison v. Frank Leta Acura*, No. 4:23-cv-01528-SPM (E.D. Mo. Nov. 28, 2023); *Garrison v. JP Morgan Chase,* 4:24-cv-00174-PLC (E.D. Mo. Feb. 1, 2024); and *Garrison v. Capital One,* No. 4:24-cv-01596-CDP (E.D. Mo. Dec. 2, 2024). With the exception of case number 4:23-cv-01520, Plaintiff's complaints have sought relief based on

---

[1]Unless otherwise indicated, the Court quotes the instant complaint verbatim without notation or correction of errors.

2

events that began when he visited the Frank Leta Acura automotive dealership in October of 2023. To date, the complaints that have been reviewed pursuant to § 1915 have been dismissed for one of the reasons set forth therein.

In the instant complaint, Plaintiff seeks monetary and other relief based on events that began in October of 2023 when he visited the Frank Leta Acura dealership. The complaint consists of a Court-provided "Civil Complaint" form (ECF No. 1), and 28 pages of attachments. The attachments include documents that Plaintiff titled "The Unrebutted Affidavit Opportunity to Cure" and "Affidavit of Truth;" copies of correspondence from Capital One; copies of documents and what appear to be device screen shots listing various lenders that have accessed Plaintiff's credit file; what appears to be a device screen shot containing information about negotiations subject to rescission from the "Legal Information Institute;" copies of statutes with portions highlighted; and a letter to Plaintiff from the Social Security Administration notifying him of an increase in his monthly Supplemental Security Income Payment. (ECF No. 1-1 at 1-28).

In the caption of the complaint form, Plaintiff identifies Frank Leta Acura as the defendant. Within the complaint, Plaintiff also names one Adam Dorland and identifies him as the General Manager of Frank Leta Acura. Plaintiff invokes this Court's federal question jurisdiction. Where the form complaint provides space for Plaintiff to identify the federal laws at issue, he writes: "Equal Credit Opportunity Act (ECOA) Truth In Lending Act (TILA) Dishonor my Notice of Rescission." (ECF No. 1 at 3). Where the form complaint provides space for Plaintiff to set out his statement of claim, he writes: "1-5 questions you are asking, my complaint is all in The Unrebutted Affidavit." *Id.* at 5 (cleaned up).[2]

---

[2] The form complaint specified that Plaintiff must explain what happened to him, when and where it happened, what injuries he suffered, and what each defendant personally did or failed to do to harm him.

3

"The Unrebutted Affidavit Opportunity to Cure" is dated November 30, 2024 and contains a notation that it was sent by registered mail. (ECF No. 1-1 at 1). Plaintiff identifies himself as the "Principal," and he identifies Frank Leta Acura and Dorland as "Respondents." *Id.* Plaintiff states that an "unrebutted affidavit" "stands as the truth in Commerce" and "becomes the judgment in Commerce." *Id.* He then writes:

> **On December 2,2024 Kalon S. Garrison, hereinafter "Principal", made presentment of a THE UNREBUTTED AFFIDAVIT AND OPPORTUNITY TO CURE, hereinafter "Presentment", Notary Public, hereinafter "Notary", to , General Manager at Frank Leta Acura, hereinafter "Respondent"1. On December 2,2024, United States Postal Service, hereinafter "Carrier", successfully delivered the resentment to the respondent.**
>
> **I speak with the full power of my sovereignty and unwavering truth. The continued injustice surrounding my credit transaction with Capital One and Frank Leta Acura has reached its limit. Despite my rightful, lawful actions, I am met with persistent barriers stemming from your inaction and miscommunication. This is not just a breach of my rights---it strikes at the core of fairness, dignity, and integrity.**
>
> **Hear me clearly: I will not tolerate this any longer. This is your final warning. If these violations are not corrected immediately, I will unleash every legal and rightful remedy to restore balance and justice.**
>
> **Act now- before the energy you have set in motion returns to you in full force.**

*Id.* (emphasis in original).

Throughout the 5-page "Unrebutted Affidavit Opportunity to Cure," Plaintiff cites the ECOA and the TILA and other laws. He references an October 2023 credit application with Frank Leta Acura and a credit transaction with Capital One. He describes consumer protection laws and he references omissions and a lack of transparency that would violate such laws, but he does not allege facts explaining how either Defendant is responsible for any wrongdoing.

He states he "submitted a credit application with Frank Leta Acura, engaging a portion of my credit without a down payment" on October 26, 2023. *Id.* at 3 (emphasis in original). On

4

November 1, 2023, he "issued a Notice of Rescission to Capital One and Frank Leta Acura," and later received a letter confirming that Capital One "received notice of rescission." *Id.* Plaintiff states that Capital One directed him to Frank Leta Acura to finalize the transaction, but it led "only to hours of waiting and compliance with no clarity or result." *Id.* He states that on November 17, 2023, he received "misleading information and a fraudulent credit application and approval letter from the dealership." *Id.* He states that on December 14, 2023, he received correspondence from Capital One explaining that the offer Capital One previously extended had expired.

> Plaintiff writes:
>
> This convoluted timeline—where Capital One acknowledges a prior application from October 26,2023 while responding to my November 1,2023 rescission notice and then directing me back to the dealership on November 17,2023—demonstrates either gross mismanagement or a deliberate attempt to obscure the truth. The fabricated credit application dated November 17,2023 further compounds these inconsistencies.
>
> The path to remedy is clear. No more delays. No more half-measures. Correct these injustices or face the undeniable return of the energy you have set in motion.

*Id.* Plaintiff does not allege that he finalized an agreement with Frank Leta Acura, Dorland, or Capital One. He does not allege he paid money to or has a current obligation to Frank Leta Acura, Dorland, or Capital One.

Plaintiff demands "punitive damages equivalent to 1% of Frank Letta Acura net worth," cancellation of unspecified obligations under the rescinded agreement, removal of unspecified negative reporting, compensation for unspecified damages, costs, and legal fees, and other forms of relief. *Id.* at 5. Finally, in the document that Plaintiff titled "Affidavit of Truth," he issues a notice to the Clerk of this Court that describes the Clerk's duties and demands his compliance. *Id.* at 6.

5

**Discussion**

Plaintiff states he proceeds pursuant to the ECOA, which prohibits creditors from discriminating against applicants on the basis of several listed factors. *See* 15 U.S.C. § 1691(a). Briefly, to establish a *prima facie* claim for discrimination under the ECOA, a plaintiff must show he was a member of a protected class, he qualified for a loan and applied but was rejected, and the lender continued to approve loans for applicants with similar qualifications. *Christian v. Com. Bank NA.,* Case No. 4:14-cv-00201-AGF, 2014 WL 5420266, at *2 (E.D. Mo. Oct. 22, 2014) (citing *Rowe v. Union Planters Bank,* 289 F.3d 533, 535 (8th Cir. 2002)). In this case, Plaintiff does not allege facts that would establish any of the foregoing.

Plaintiff also states he proceeds pursuant to the TILA, which requires creditors to make certain disclosures in consumer credit transactions. *See* 15 U.S.C. § 1638(a). To state a claim for a TILA violation, a plaintiff must state "with requisite specificity which charges and fees were not properly disclosed and why certain charges and fees are not bona fide and are unreasonable in amount." *Diallo v. Capital One, N.A.,* No. 23-1532, 2023 WL 3136145, at *2 (E.D. Pa. Apr. 26, 2023) (quoting *Wilson v. Round Point Mortgage Servicing Corp.,* No. 21-19072, 2022 WL 3913318, at *5 (D.N.J. Aug. 31, 2022)). In this case, Plaintiff does not allege facts permitting the inference that Frank Leta Acura or Dorland failed to make any disclosures required by the TILA.

Plaintiff cites other statutes as well, but alleges no facts that would link any act or omission on the part of either Defendant to supporting law establishing his entitlement to relief. The Court will not sift through the complaint and analyze each statute in an attempt to construct claims for Plaintiff. *See Stone*, 364 F.3d at 914. The Court therefore finds that the complaint fails to state a plausible claim for relief against either Defendant, and is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

6

Additionally, based on Plaintiff's conduct, the Court finds that the instant complaint is malicious. Plaintiff's litigation history reveals a pattern of meritless lawsuits based on events that began when Plaintiff visited the Frank Leta Acura dealership in October of 2023. This is the second such case Plaintiff has filed against Frank Leta Acura, and the complaint fails to allege probative facts vital to the life of the lawsuit. The complaint also contains threatening language. For example, Plaintiff tells the Defendants he is giving them a "final warning," and he states: "**Act now- before the energy you have set in motion returns to you in full force**" and "Correct these injustices or face the undeniable return of the energy you have set in motion." (ECF No. 1-1 at 1, 3) (emphasis in original). Those factors suggest that Plaintiff filed this action not to vindicate a cognizable right, but to intimidate, harass, and/or disparage the Defendants. This Court is required to dismiss a complaint when such conduct occurs. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

For all of these reasons, the Court will deny Plaintiff's motion for leave to proceed in forma pauperis, and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **DENIED,** and this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

Dated this 19th day of December, 2024.

*/s/ John A. Ross*
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE

7